HARRIS, J.,
concurring and concurring specially:
Although I agree with the State that firearms should be kept away from our campuses, I nevertheless concur in the affirmance. And while I agree with Judge Thompson that the college’s “waiver” of the securely encased firearm exception contained in section 790.115(2)(a)3 is too vague to be enforced,[1] I would also hold that the delegation of unfettered authority to school boards to create a third degree felony is violative of our constitution and is invalid.[2]
In Avatar Development Corporation v. State, 723 So.2d 199 (Fla.1998), the supreme court, in considering the Constitution’s prohibition against exercising powers granted to another branch, quoted from an earlier decision[3] which explained the limitation on the legislature’s authority to delegate:
The Legislature may not delegate the power to enact a law, or to declare what the law shall be, or to exercise an unrestricted discretion in applying a law; but it may enact a law, complete in itself, designed to accomplish a general public purpose, and may expressly authorize designated officials within definite valid limitations to provide rules and regulations for the complete operation and enforcement of the law within its expressed general purpose.
[[Image here]]
Moreover, the opinion [Atlantic Coast Line Railroad Co.] noted that while the legislature may not delegate the power to make a law prescribing a penalty, *535 it is competent for the Legislature to authorize the [Railroad] Commission to prescribe duties upon ivhich the law may operate in imposing a penalty and in effectuating the purpose designed in enacting the statute. Where the penalty is imposed by law, it may be incurred for the penal violation of a rule prescribed by the Commissioners. The authority to make the rule must be given by the statute within definite limitations.
The obvious problem with the statute herein is that the Legislature set a policy directly contrary to that which it authorized the school boards, in their unbridled discretion to veto, at least as it relates to parking on campus. The Legislature made it legal to have a securely encased firearm in a vehicle even on a campus. But, if the State is correct, it then gave the school boards the authority to amend the statute to make what the Legislature had declared legal a third degree felony. If the Legislature did so, it has permitted the various school boards to either approve or disapprove the Legislature’s policy concerning securely encased firearms in vehicles on campus without setting “any definite limitations.” Therefore, it is the Brevard Community College, in its unbridled discretion, which created the third degree felony attempted to be enforced in this case. And it did so under its authority to regulate parking privileges on its campus.
And, if the State is correct, the Legislature, by this provision, did not merely permit the various school authorities to “opt out” of the policy permitting encased firearms on campus, it permitted such school authorities to create a felony where none existed before. Further, it has authorized the various school authorities to enact differing policies making an act legal on one campus to be a third degree felony on another even within the same geographic area. To make such delegation constitutional, the Legislature must give some guidance to the school authorities in setting a policy which, in effect, creates a felony. There should be some rational basis spelled out by the Legislature (other than mere disagreement with the legislative policy) for a school district to elect not to accept the Legislature’s policy relating to encased firearms on campus but instead make such act a third degree felony.

. For example, paragraph numbered 3. WEAPONS in the college's written policy provides "possession ... of any firearm ... is against ... Florida law." Since the Legislature specifically permitted securely encased firearms to be kept in vehicles, only the unauthorized actual, and not constructive, possession of a firearm is against Florida law. Thus, when the college prohibited "students” from having "in their possession" firearms on college property, it may well have intended, and the student may well have interpreted, the provision as applying to only actual possession.

. I am not at all sure the Legislature intended that giving the authority to school boards to waive the securely encased exception "for the purpose of student and campus parking privileges” should have the effect of creating a third degree felony. The quoted words in the preceding sentence must mean something. I believe the Legislature intended only that school authorities are free to adopt a policy prohibiting even encased firearms on campus even though carrying encased firearms in a vehicle is not illegal. A violation of the school's policy on this issue, however, should be addressed under the school disciplinary procedures as any other violation of policy and not through the state’s criminal justice system.

. State v. Atlantic Coast Line Railroad Co., 56 Fla. 617, 47 So. 969, 974 (1908).